ELIJAH B. WHIPPLE *vs.* REUBEN POWERS.

Sheep or cattle let pursuant to the custom or usage of farmers is not usury, though the risk of the life of the animals be, by the contract, on the hirer, if such be the usage.

If money be loaned and by fiction called sheep or cattle, or if there be any color or fiction to bring the loan within the proviso of the statute, it is usurious.

The giving up a sheep or cattle contract, without the same being paid, and taking another therefor, fictitiously pretending to let cattle, where none in fact existed, is usurious.

This was an action on a note dated 4th November, 1830, executed by the defendant to the plaintiff for forty-one sheep, payable in two years, which came by appeal to the county court and was there submitted to the court on the following statement of facts, agreed to by the parties, to wit:

On the 4th day of November, A. D. 1828, the defendant received of the plaintiff 18 sheep, for which he gave a note of the following tenor, to wit:

"November 4, 1828.   Value received, I promise to pay Elijah B. Whipple or order twenty-two dollars and fifty cents in one year with interest, or twenty-seven sheep in two years, to be middling as to size, age and quality—except eight to be lambs—to be delivered at H. Martin's on St. Johnsbury Plain.

REUBEN POWERS."

It is agreed that said defendant did not pay said note, nor any part thereof, but on the 4th of November, 1830, the defendant gave to the plaintiff a note of the following tenor, to wit:

"For value received, I promise to pay Elijah B. Whipple or order forty-one likely' ewe sheep, middling as to age, size and quality, excepting ten which are to be lambs, payable and to be delivered at Hezekiah Martin's on St. Johnsbury Plain, in two years from date.          REUBEN POWERS."

It is agreed that defendant did not pay said note at the time it fell due, nor any part thereof—but on the 4th day of December, 1832, said Powers tendered to Hezekiah Martin the sum of $28, 50, in full satisfaction of said note last mentioned, said Martin being the person owning said note, which tender was not accepted by said Martin.

It is further agreed that the consideration of the last mentioned note was the giving up of the first note, and whether there was any consideration further for the worth of the half sheep is not known.

It is further agreed, that if the custom of farmers in the letting

CALEDONIA,
March,
1835.

Whipple
vs.
Powers.

of cattle and sheep and of other property be proper to be received in evidence and considered in the above case, then the fact of the aforesaid custom is referred to the knowledge of the court, and forms part of this case.

It is further agreed, that if the court shall be of opinion, that upon the above statement of facts the plaintiff is entitled to recover upon the last mentioned note, then judgment is to be entered for the plaintiff for the amount of the damage rendered by the justice and the interest and costs.

But if the court be of opinion that the plaintiff is not entitled to recover upon the last mentioned note, and that the tender is a bar, then the court is to render judgment that the defendant recover his costs upon payment of said sum of $28 50 into court.

The county court made the following entry :

" In this case the court find the fact, that it is and has been customary in this section of the state, among farmers and others, to let cows and sheep to double in four years, and frequently to half double in two years, and where the letter ran the risk of the responsibility of the user, the user ran the risk of the loss of life of said animals. Upon the foregoing statement of facts, and the finding of the court, judgment is rendered for the defendant to recover his costs."

Whereupon the plaintiff filed his exceptions, and the cause passed to the supreme court.

*Paddock for the plaintiff.*—The note given on the 4th of November, 1828, was in the alternative to pay $22 50 in one year with interest, or 27 sheep in two years.

It is a settled principle, that where an obligor hath his election to do one of two things, and does not make such election within the time stipulated, the obligee may afterwards take *his* election.— *McNitt* vs. *Clark,* 7 John. Rep. 465. Cro. Eliz. 864. Cro. Jac. 594.

The defendant not paying the money at the end of the first year, was bound to pay the sheep or their worth at the end of two years.

Had the defendant paid and the plaintiff received the 27 sheep at the end of the two years, it would not have been usury, for he had it in his power the year before to have paid the $22 50 in discharge of the demand, and the election to pay the sheep was a voluntary act of his own and not chargeable upon the plaintiff.

The second note was given for, and accepted instead of the 27 sheep. The plaintiff contends that he was justified in taking this

note by the custom of farmers in letting cattle and sheep and grain to double in four years, or half double in two.—Stat. p. 162.

Although a person may embrace more in his note as interest than the law will allow him to recover, it is not usury, if he thought himself legally entitled to it.—1 Vt. Rep. 402, *Bank of B——— vs. Durkee.*

The tender can be no bar to the action, because the $28 50 is made by adding the interest to the $22 50, whereas there can be no manner of doubt that the law will give the worth of the 27 sheep at the end of two years, which was $41 50.

*Fletcher for the defendant.*—For the purpose of coming to a just and legal decision between the plaintiff and defendant, the case as stated may be considered as a declaration upon the case, predicated upon a series of facts admitted by the parties, as introductory to the plaintiff's right to recover, and the court called upon to fix the damages.

If the rule of damages be the value of forty-one sheep, then the judgment recovered before the justice of peace and the accruing interest are the amount of damages, and the cost of this suit follows.

But if, upon the whole case, the rule of damages be the sum of $22 50 and the interest from Nov. 4, 1828, the sum agreed upon by the parties and put into the first note, then upon the payment of the sum of $28 50 into court, being a fraction over the sum of $22 50 and the interest at the time of the tender made on the 4th day of December, 1832, then judgment is for the defendant to recover his costs.

A legal exposition is to be given to each contract. If the latter contract be void and inoperative on account of usury, or as against the law of the land, or for any other reason, the rights of the parties are flung back upon the first contract, and the tender admits that a recovery might be had upon that. If the last contract be efficient and operative, but uncertain as to the measure of damages, and the consideration of said contract furnish a definite, unerring rule, to wit, the giving up of the first contract, the court will then look into the whole case, the contract of Nov. 4, 1828, of Nov. 4, 1830, and the tender of Dec. 4, 1832.

What then would have been the rule of damages if the action had been predicated upon the contract of Nov. 4, 1828? How were the rights of the parties affected by the contract of Nov. 4, 1830? And is the tender of Dec. 4, 1832, a bar to the right of the plaintiff to recover upon this action?

CALEDONIA,
March,
1835.

Whipple
vs.
Powers.

A right of action accrued to the plaintiff on the first contract on the 5th of November, 1830. What was then the measure of damages for the breach of that contract? Was it the value of 27 sheep, or $22 50 and the interest from Nov. 4, 1828?

The case states, that on that day the defendant *received* of the plaintiff 18 sheep. The plaintiff contends, that the contract is to be construed as a letting—the defendant as a purchase of 18 sheep. The term *received* introduced into the case furnishes no rule of construction only as stating the consideration of the contract. For whether it were a letting or a purchase, the sheep would have been received as the consideration of the undertaking—as the *quid pro quo*. We must pursue the contract further for the rule, and inquire for the obligation of the defendant.

He undertakes to pay $22 50 and interest on the 4th of Nov. 1829, or 27 sheep on the 4th of Nov. 1830. This is not two separate and independent contracts, furnishing two independent rules of damages for the breach thereof, but one perfect and entire contract in the alternative, giving a certain, definite rule of damage, agreed upon by the parties, if not fulfilled.

There was a purchase of the 18 sheep, and not a letting or hiring, as the plaintiff contends. A purchase implies a change of the property purchased and an equivalent to be rendered as a consideration. A letting or hiring, that is, according to *civilious locatio*, implies a thing to be let, a price for the hire, and a contract or obligation to pay for the use of the thing. The price for the use is the essence of the contract.—Story, p. 251, sec. 374. Story's Bailments, p. 250, sec. 372.

The hirer acquires but a special property in the thing hired, to wit, the use, not the general property in the thing itself. If the thing is lost, not by the hirer's fault, he is not answerable.—Story's Bailment, p. 261, sec. 394-5—p. 265, sec. 399—p. 269, sec. 408.

The thing itself must be restored when the time of hiring is determined.—Story's Bail. p. 273, sec. 414.

These rules settle the character of the contract of Nov. 4, 1828. It was a purchase and not a hiring of the 18 sheep. The right of property by the terms of the contract did not remain with the plaintiff, but passed immediately to the defendant. The defendant was not vested with the special interest, to wit, the use of the sheep, but a general and absolute interest, the right of property. Had they been attached by defendant's creditors, it would have enured to their benefit.

The essence of the contract was not for the hire, but the sheep themselves.

It was not a return of the property and payment for the use, but an absolute undertaking to pay for the property itself. The risk was cast wholly on defendant, be it what it might. What then would be the rule of damage for the non-fulfilment of the first contract, the $22 50 and interest, or the value of 27 sheep on the 4th of Nov. 1832?

The contract is an entire contract, though in the alternative, furnishing but one rule of damage for a breach.

The price stipulated by the parties for the 18 sheep is $22 50. This is the consideration and foundation of the contract. This the plaintiff agrees to receive with the interest and the defendant to pay at the expiration of one year, or 27 sheep at the end of two as an equivalent. The defendant performs neither of the alternatives. The plaintiff is entitled to an action. He must count upon the whole contract. He can no more declare upon the last clause of the contract at the end of two years than upon the first at the end of one. The defendant, to lessen the damage, could not object that the 27 sheep were not of the value of $22 50 and interest; nor can the plaintiff, to enhance the damage, give evidence that the sheep are of greater value. The case does not admit of special damage. The first clause of the contract rules it. The rights of the parties are mutual and equal. The payment of the 27 sheep is not in the nature of a forfeiture, and if it was, the rule of damages would be the amount of the sum stipulated to be paid.

Were the contract a penal bond with the alternatives annexed by way of condition, the amount of the sum stipulated to be paid, and the interest, would be the rule.

If correct upon this principle, how does the contract of Nov. 4, 1830, for forty-one sheep, affect the rights of the parties?

This contract is void as being unconscionable and usurious, or it is but an extension and continuance of the first contract, and the plaintiff entitled to the same damages he would have been if that had been in force.

If it be unconscionable or usurious, it is void.

It is unconscionable. On the 4th day of Nov. 1830, there was due from the defendant to the plaintiff the sum of $22 50 and interest two years, and no more, amounting to $25 20, for the consideration of 18 sheep, purchased two years before.

CALEDONIA,
*March*,
1835.
―――――
Whipple
*vs.*
Powers.

If the contract be predicated upon the first contract, to wit, 18 sheep, no man in a christian country could receive, accept, or agree to accept 23 sheep, for forbearance, or giving payment four years for 18 sheep.

If it be predicated upon the sum due at the end of two years for 18 sheep as a consideration, the interest of which is $2 70, no man who has a conscience could receive for giving further time of payment, the term only of two years, 14 sheep of equal goodness and quality. The analization of the question proves conclusively the fact, that if the value of 41 sheep be the rule of damage, the contract is unconscionable and inoperative.

But if such be the rule, it is usurious, and therefore void. It is either a loan of monies, wares, or some other thing, and if of either, it is more than after the rate of six dollars for the forbearance of one hundred dollars for one year, and so after that rate, and therefore void.—Stat. pp. 162–3.

It is more than after the rate of 25 per cent. as 14 is more than half of 27, and is unknown to any usage or custom of letting practiced among farmers, and therefore not within the proviso of the statute, p. 164.

But this is not a contract predicated upon the letting of 27 sheep, inasmuch as a contract for a specific article (if the first contract was in fact for the delivery of 27 sheep specifically) is not the article itself.

The contract was but a chose in action, and cannot in law be treated *quasi* the property therein specified. It neither falls within the letter or the spirit of the proviso, but within both the letter and spirit of the first section of the statute itself, and absolutely void.

What practice, what usage, among farmers, recognized by law and known to the court, has ever prevailed to treat choses in action as cattle, sheep or grain, and proceed actually to a letting as such, the very essence of which, we have seen, is the use of the thing hired?

In the most favorable view, the second contract is but an extension and continuance of the first contract. The first was predicated upon 18 sheep, the value of which was agreed at $22 50 and interest.

The second contract had for its consideration the first contract only, nothing added but the extension of the time of payment. For this additional consideration, the law gives six per cent. per annum, and if the parties stipulate for more, and it is concocted

and becomes a part of the contract, the contract is usurious and void.

Caldonia,
March,
1835.

Whipple
vs.
Powers.

If it were at all doubtful what should be the rule of damages, the first contract being the consideration of the second, and no special damage entering into the case, and the rule of damage as to the first being certain and fixed, this ought to govern the case.

If what is just, what is honest, what is equitable, what is right between citizen and citizen, is the rule to be applied in this case, the plaintiff is entitled to the sum of $22 50 and the interest to Dec. 4, 1832, the time at which the tender was made.

This is what the defendant has offered. He brings this sum into court and is ready to abide by this rule. On the other hand, if the court adopt the doctrine contended for by the counsel of the plaintiff, the poor are at the mercy of the rich, inconscionable bargains may be enforced. It opens a door to oppression—the statute of usury may be avoided, and every shylock in community may cheat and evade the law.

Upon principles of natural justice, the law ought to be so expounded as not to work oppression or give countenance to unjust and unconscionable bargains.

The opinion of the court was delivered by

Collamer, J.—As a general rule, the letting of any article to multiply at a greater rate than six per cent. is usurious, and it is difficult to stop and inquire of the fluctuation of price, as that is as likely to rise as to fall. In relation to the letting of cattle, &c, which the proviso of our usury statute permits to be done, agreeable to the usage among farmers, it was decided by this court in the county of Franklin, while Ch. J. Skinner presided, and in a more recent case in the county of Chittenden, that such letting is not usurious, though the risk of the lives of the cattle be on the hirer, and though an unqualified note to deliver a certain number of cattle be taken, if such was the usage. This is not only within the proviso of the statute, but is sustained by the case Spencer vs. Tilden, 5 Cowen, 144, where it was decided that selling cows, &c. on a contract to return double the number at the end of two years, is not usurious. Also the same point, as to sheep, in Holmes vs. Wetmore, 5 Cowen, 144, note.

The first contract had two aspects, and was in the alternative; the defendant having the right to pay $22 50 and interest in a year, or 27 sheep in two years; and he not having paid the money, the other alternative became absolute, and was good within the proviso

CALEDONIA,
*March,*
1835.

Whipple
*vs.*
Powers.

of our statute, and agreeable to the usage as found by the county court, and therefore not usurious. It must, however, be under- stood, there must be no *fictions* to bring a loan within this proviso. There must be no loaning *money*, or deferring *a debt*, and calling it cattle or sheep to evade the statute. If there can be no fiction in the first instance, so there must be none in the second or third con- tract. When the present note was given, the plaintiff let no sheep to the defendant. It is true the defendant owed the plaintiff a previous note, payable in sheep, but it had never been paid and was due for money, was a mere *debt*, and this *debt* was by a fiction called sheep. There were no sheep there, none which plaintiff ever owned. Indeed, as a *letting*, it was a mere ideality, fictitious and colorable, and these pretended sheep had never an identity. It was not a letting of *cattle* or *sheep* within the proviso of the statute, but in the words of the case, " the consideration of the last note was the giving up of the first," not letting sheep. The note now sued is usurious and void, and the plaintiff cannot recover *thereon.*

Judgment affirmed.